UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

|  |  |
|---|---|
| SHANE KNIGHT, on behalf of himself and others similarly situated, | Civil Action No.: |
| Plaintiff, | **COMPLAINT--CLASS ACTION** |
| v. | **JURY TRIAL DEMANDED** |
| LAW OFFICES OF DANIEL C. CONSUEGRA, P. L., | |
| Defendant. | |

**Nature of Action**

1. This is a class action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, for the benefit of certain Florida consumers who have been the subject of debt collection efforts by the Law Offices of Daniel C. Consuegra, P. L. ("Defendant").

**Parties**

2. Shane Knight ("Plaintiff") is a natural person who at all relevant times resided in Miami-Dade County, Florida.

3. Plaintiff is obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

4. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a personal loan from Compass Bank (the "Debt").

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant is a Florida Limited Liability Company with its principal office in Hillsborough County, Florida.

7. Defendant is "a full-service creditors' rights law firm representing mortgage bankers, servicers, vendors, loan companies, debt buyers and other credit extenders."[1]

8. Defendant is an entity that at all relevant times was engaged in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

9. Upon information and belief, at the time Defendant attempted to collect the Debt from Plaintiff, the Debt was in default, or Defendant treated the Debt as if it were in default from the time that Defendant acquired it for collection.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debts.

11. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

12. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## Jurisdiction and Venue

13. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

14. Venue is proper before this Court under 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to the claims occurred in this district.

## Factual Allegations

15. Congress enacted the FDCPA in 1977 to "eliminate abusive debt collection practices by debt collectors," 15 U.S.C. § 1692(e), and in response to "abundant evidence of the

---

[1] *See* http://www.consuegralaw.com/practice_areas.html (last accessed May 18, 2021).

use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which Congress found to have contributed "to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

16. As the Consumer Financial Protection Bureau ("CFPB")—the federal agency tasked with enforcing the FDCPA—explained, "[h]armful debt collection practices remain a significant concern today. In fact, the CFPB receives more consumer complaints about debt collection practices than about any other issue."[2]

17. The Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat., § 559.55 *et seq.*, was enacted with a similar goal, "to eliminate abusive and harassing tactics in the collection of debts." *Brindise v. U.S. Bank Nat'l Ass'n*, 183 So. 3d 1215, 1221 (Fla. 2d DCA 2016), *rev. denied*, No. SC16–300, 2016 WL 1122325 (Fla. Mar. 22, 2016).

18. Pursuant to the FCCPA, prior to engaging in any business in Florida, a person who acts as a consumer collection agency must register with the State of Florida Office of Financial Regulation. Fla. Stat., § 559.555(1).

19. The Florida legislature determined this licensing requirement to be of such import to the citizens of Florida that it made a violator of this provision subject to up to one year in jail. Fla. Stat., § 559.785.

20. On or about March 2, 2021, Defendant, as attorney for Persolve Recoveries, LLC ("Persolve"), filed a Complaint against Plaintiff in the County Court of the Eleventh Judicial Circuit in and for Miami-Dade County in connection with the collection of the Debt (the "Collection Complaint").

---

[2] *See* Brief for the CFPB as Amicus Curiae, Dkt. No. 14, p. 10, *Hernandez v. Williams, Zinman, & Parham, P.C.*, No. 14-15672 (9th Cir. Aug. 20, 2014), http://www.ftc.gov/system/files/documents/amicus_briefs/hernandez-v.williams-zinman-parham-p.c./140821briefhernandez1.pdf (last accessed May 18, 2021).

21. A true and correct copy of the Collection Complaint is attached as Exhibit A.

22. Upon information and belief, Persolve's sole business is to purchase defaulted consumer debts and then attempt to collect those debts for its own benefit. *See* Ex. A at 9 (assigning to Persolve all rights to the Debt, including "the full power to collect, sue for, settle, and discharge the same….").

23. Persolve is a business entity engaged in the business of soliciting consumer debts for collection or of collecting consumer debts.

24. Persolve is a "consumer collection agency" as defined by the FCCPA. *See* Fla. Stat., § 559.55(3).

25. Persolve was not registered as a consumer collection agency with the State of Florida Office of Financial Regulation at the time Defendant filed the Collection Complaint on Persolve's behalf.

26. Upon information and belief, Defendant was aware that Persolve was not registered as a consumer collection agency when it filed the Collection Complaint on behalf of Persolve.

27. Persolve is not currently registered as a consumer collection agency.

28. Defendant has filed at least 100 such complaints on behalf of Persolve against consumers in Florida within the past year even though Persolve was not registered as a consumer collection agency at the time the lawsuits were filed.

## Class Action Allegations

29. Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of a class consisting of:

> All persons (a) with a Florida address, (b) against whom the Law Offices of Daniel C. Consuegra, P. L. filed a complaint in a Florida court as counsel for

Persolve Recoveries, LLC, (c) in connection with the collection of a consumer debt, (d) in the one year preceding the date of this complaint.

30. Excluded from the class is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had controlling interests.

31. The class satisfies Rule 23(a)(1) because, upon information and belief, it is so numerous that joinder of all members is impracticable.

32. The exact number of class members is unknown to Plaintiff at this time and can only be determined through appropriate discovery.

33. The class is ascertainable because it is defined by reference to objective criteria.

34. In addition, upon information and belief, the names and addresses of all members of the proposed class can be identified in business records maintained by Defendant.

35. The class satisfies Rules 23(a)(2) and (3) because Plaintiff's claims are typical of the claims of the members of the class.

36. To be sure, Plaintiff's claims and those of the members of the class originate from the same debt collection conduct by Defendant, and Plaintiff possesses the same interests and has suffered the same injuries as each member of the class.

37. Plaintiff satisfies Rule 23(a)(4) because he will fairly and adequately protect the interests of the members of the class and has retained counsel experienced and competent in class action litigation.

38. Plaintiff has no interests that are contrary to or in conflict with the members of the class that he seeks to represent.

39. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since, upon information and belief, joinder of all members is impracticable.

40. Furthermore, as the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation could make it impracticable for the members of the class to individually redress the wrongs done to them.

41. There should be no unusual difficulty in the management of this action as a class action.

42. Issues of law and fact common to the members of the class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the class.

43. Among the issues of law and fact common to the class are:

   a. Defendant's violations of the FDCPA as alleged herein;

   b. whether Defendant is a debt collector as defined by the FDCPA;

   c. the availability of statutory penalties; and

   d. the availability of attorneys' fees and costs.

**Count I: Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e**

44. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 43.

45. The FDCPA at 15 U.S.C. § 1692e provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

46. No entity may engage in business in Florida as a consumer collection agency, or continue to do business in Florida as a consumer collection agency, without first registering with the State of Florida Office of Financial Regulation, and thereafter maintaining a valid registration.

47. Defendant filed the Collection Complaint against Plaintiff on behalf of Persolve even though Persolve had not registered as a consumer collection agency with the State of Florida Office of Financial Regulation at the time it filed the Collection Complaint.

48. Persolve is still not registered as a consumer collection agency with the State of Florida Office of Financial Regulation.

49. Defendant's initiation of a lawsuit on behalf of Persolve against Plaintiff to pursue collection of the Debt at a time when Persolve was barred by Florida law from doing so constitutes a false, deceptive, and misleading representation or means in connection with the collection of the Debt.

50. The harm suffered by Plaintiff is particularized in that the violative debt collection conduct was directed at him personally and regarded his personal alleged debt.

51. The FCCPA's registration requirement furthers the purpose of protecting debtors from abusive debt collection activity by requiring any person who engages in collection activity in Florida to obtain a license to do so, allowing the state of Florida greater oversight of such activity.

52. The Florida legislature's determination that a debt collector's failure to register under Fla. Stat. § 559.555 and subsequent pursuit of unauthorized debt collection activity is a misdemeanor criminal act demonstrates the seriousness with which the State of Florida deems violations of the FCCPA's registration requirement.

53. Moreover, section 1692e of the FDCPA was enacted to prevent and curb abusive debt collection conduct.

54. And Defendant's action in filing the Collection Complaint at a time when Persolve was not registered with the State of Florida Office of Financial Regulation created a material risk of harm to the concrete interest Congress was trying to protect in enacting the FDCPA by exposing Plaintiff to abusive practices by an unlicensed collection agency.

55. Furthermore, as a result of Defendant's illegal conduct, Plaintiff suffered actual harm by having to retain an attorney to defend against the Collection Complaint and by having had a lawsuit publicly filed against him at a time when Defendant had no right to file such lawsuit.

56. In addition, Defendant's actions invaded a specific private right created by Congress, and the invasion of that right creates the risk of real harm.

**Count II: Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(5)**

57. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 43.

58. The FDCPA at 15 U.S.C. § 1692e(5) provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

*****

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

59. No entity may engage in business in Florida as a consumer collection agency, or continue to do business in Florida as a consumer collection agency, without first registering with

the State of Florida Office of Financial Regulation, and thereafter maintaining a valid registration.

60. Defendant filed the Collection Complaint against Plaintiff on behalf of Persolve even though Persolve had not registered as a consumer collection agency with the State of Florida Office of Financial Regulation at the time it filed the Collection Complaint.

61. Persolve is still not registered as a consumer collection agency with the State of Florida Office of Financial Regulation.

62. Defendant's initiation of a lawsuit against Plaintiff to pursue collection of the Debt against him at a time when Persolve was barred by Florida law from doing so constitutes a threat to take action that cannot legally be taken.

63. The harm suffered by Plaintiff is particularized in that the violative debt collection conduct was directed at him personally and regarded his personal alleged debt.

64. The FCCPA's registration requirement furthers the purpose of protecting debtors from abusive debt collection activity by requiring any person who engages in collection activity in Florida to obtain a license to do so, allowing the state of Florida greater oversight of such activity.

65. The Florida legislature's determination that a debt collector's failure to register under Fla. Stat. § 559.555 and subsequent pursuit of unauthorized debt collection activity is a misdemeanor criminal act demonstrates the seriousness with which the State of Florida deems violations of the FCCPA's registration requirement.

66. Moreover, section 1692e(5) of the FDCPA was enacted to prevent and curb abusive debt collection conduct.

67. And Defendant's action in filing the Collection Complaint at a time when Persolve was not registered with the State of Florida Office of Financial Regulation created a material risk of harm to the concrete interest Congress was trying to protect in enacting the FDCPA by exposing Plaintiff to abusive practices by an unlicensed collection agency.

68. Furthermore, as a result of Defendant's illegal conduct, Plaintiff suffered actual harm by having to retain an attorney to defend against the Collection Complaint and by having had a lawsuit publicly filed against him at a time when Defendant had no right to file such lawsuit.

69. In addition, Defendant's actions invaded a specific private right created by Congress, and the invasion of that right creates the risk of real harm.

**Count III: Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f**

70. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 43.

71. The FDCPA at 15 U.S.C. § 1692f provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

72. No entity may engage in business in Florida as a consumer collection agency, or continue to do business in Florida as a consumer collection agency, without first registering with the State of Florida Office of Financial Regulation, and thereafter maintaining a valid registration.

73. Defendant filed the Collection Complaint against Plaintiff on behalf of Persolve even though Persolve had not registered as a consumer collection agency with the State of Florida Office of Financial Regulation at the time it filed the Collection Complaint.

74. Persolve is still not registered as a consumer collection agency with the State of Florida Office of Financial Regulation.

75. Defendant's initiation of a lawsuit on behalf of Persolve against Plaintiff to pursue collection of the Debt against him at a time when Persolve was barred by Florida law from doing so constitutes an unfair or unconscionable means to collect or attempt to collect the Debt.

76. The harm suffered by Plaintiff is particularized in that the violative debt collection conduct was directed to him personally and regarded his personal alleged debt.

77. The FCCPA's registration requirement furthers the purpose of protecting debtors from abusive debt collection activity by requiring any person who engages in collection activity in Florida to obtain a license to do so, allowing the state of Florida greater oversight of such activity.

78. The Florida legislature's determination that a debt collector's failure to register under Fla. Stat. § 559.555 and subsequent pursuit of unauthorized debt collection activity is a misdemeanor criminal act demonstrates the seriousness with which the State of Florida deems violations of the FCCPA's registration requirement.

79. Moreover, section 1692f of the FDCPA was enacted to prevent and curb abusive debt collection conduct.

80. And Defendant's action in filing the Collection Complaint at a time when Persolve was not registered with the State of Florida Office of Financial Regulation created a material risk of harm to the concrete interest Congress was trying to protect in enacting the FDCPA by exposing Plaintiff to abusive practices by an unlicensed collection agency.

81. Furthermore, as a result of Defendant's illegal conduct, Plaintiff suffered actual harm by having to retain an attorney to defend against the Collection Complaint and by having

had a lawsuit publicly filed against him at a time when Defendant had no right to file such lawsuit.

82. In addition, Defendant's actions invaded a specific private right created by Congress, and the invasion of that right creates the risk of real harm.

**WHEREFORE**, Plaintiff respectfully requests relief and judgment as follows:

A. Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

B. Adjudging and declaring that Defendant violated 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(5) and 15 U.S.C. § 1692f;

C. Awarding Plaintiff and members of the class statutory damages pursuant to 15 U.S.C. § 1692k;

D. Awarding Plaintiff and members of the class actual damages incurred, as applicable, pursuant to 15 U.S.C. § 1692k;

E. Enjoining Defendant from future violations of 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(5) and 15 U.S.C. § 1692f with respect to Plaintiff and the class;

F. Awarding Plaintiff and members of the class their reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. § 1692k and Rule 23 of the Federal Rules of Civil Procedure;

G. Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

H. Awarding other and further relief as the Court may deem just and proper.

## **JURY DEMAND**

Plaintiff is entitled to, and hereby demands, a trial by jury.

Dated: May 24, 2021

Respectfully submitted,

*/s/ James L. Davidson*
James L. Davidson
Florida Bar No. 723371
Jesse S. Johnson
Florida Bar No. 69154
Greenwald Davidson Radbil PLLC
7601 N. Federal Highway, Suite A-230
Boca Raton, FL 33487
Tel: (561) 826-5477
jdavidson@gdrlawfirm.com
jjohnson@gdrlawfirm.com

Counsel for Plaintiff and the proposed class